807 So.2d 876 (2001)
Kathleen Arledge, Wife of Wesley John ARLEDGE, deceased
v.
DOLESE CONCRETE COMPANY.
No. 2000 CA 0363.
Court of Appeal of Louisiana, First Circuit.
June 6, 2001.
Rehearing Denied July 19, 2001.
Writ Denied November 16, 2001.
*877 Gregory E. Bodin, John B. Noland, Jr., Baton Rouge, Counsel for Defendant/Appellant, Dolese Concrete Company.
Ernest M. Forbes, Denham Springs, Counsel for Plaintiff/Appellee, Kathleen Arledge, wife of Wesley John Arledge, deceased.
Before: GONZALES, FOGG, and PETTIGREW, JJ.
GONZALES, Judge.
A disputed claim for compensation was filed by Kathleen Arledge, the widow of Wesley John Arledge, on October 1, 1997. Mr. Arledge was employed by Dolese Concrete Company (Dolese) in Baton Rouge from 1956 until 1984. He worked as a concrete batcher, in an area of the plant that generated concrete dust.
Mrs. Arledge asserted that Mr. Arledge contracted silicosis as a result of inhaling the concrete dust, which contained silica. She asserted that as a result of the silicosis, Mr. Arledge was permanently disabled and, further, as a result of the silicosis, he died on October 2, 1996. Mrs. Arledge sought death benefits, pursuant to the Louisiana Workers' Compensation Act.
Dolese answered the petition, denying that Mr. Arledge contracted an injury or *878 occupational disease. Further, Dolese asserted Mr. Arledge had been retired for more than ten years before he allegedly learned of the silicosis; thus, there was no average weekly wage calculation to be made. Dolese denied that Mr. Arledge was ever disabled or suffered a loss of earning capacity due to the alleged silicosis.
Further, Dolese asserted the claim was not filed timely because Mr. Arledge died on October 2, 1996, and the disputed claim form was not filed until October 1, 1997. Dolese asserted that La. R.S. 23:1031.1(F) requires that all claims for death arising from an occupational disease be filed within six months of the death of the employee, or the date the claimant had reasonable grounds to believe the death of the employee resulted from an occupational disease.
Further, Dolese asserted death benefits were not owed because Mrs. Arledge was not dependent upon Mr. Arledge's earnings at the time of his death, in light of his retirement from Dolese more than twelve years before his death at age 74.
After trial on the merits, the workers' compensation judge ruled in favor of Mrs. Arledge, and against Dolese, awarding Mrs. Arledge $122.72 for weekly death benefits from the date of Mr. Arledge's death until the death or remarriage of Mrs. Arledge.
On appeal, Dolese makes the following assignments of error:
1. The Office of Workers' Compensation erred in holding that Mr. Arledge's social security and union pension benefits constituted "earnings" such as to qualify plaintiff to receive death benefits.
2. The Office of Workers' Compensation erred in holding that plaintiffs death benefits claim had not prescribed.

ASSIGNMENT OF ERROR NO. 1
Louisiana Revised Statute 23:1231 provides in part:
A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.
B. (1) If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
(2) However, if the employee leaves no legal dependents entitled to benefits under any state or federal compensation system, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.
Louisiana Revised Statute 23:1232 provides in part:
Payment to dependents shall be computed and divided among them on the following basis:
(1) If the widow or widower alone, thirty-two and one-half per centum of wages.
Dolese argues that at the time of Mr. Arledge's death, Mr. and Mrs. Arledge were not receiving any earnings from Dolese. Instead, they were receiving social security retirement benefits and a union *879 pension from Mr. Arledge's years of employment.
Dolese notes that Mrs. Arledge is in effect seeking a double recovery, as she continues to receive a reduced portion of Mr. Arledge's social security and union pension benefits after his death based upon his prior retirement, and she now desires death benefits payable to replace earnings based on his job from which he retired twelve years prior to his death.
This assignment of error has merit. Death benefits are designed to replace the earnings of an employee killed in a workrelated accident. The amount of the benefit payment, as set out in La. R.S. 23:1232, is a statutorily mandated percentage of "wages." Louisiana Revised Statute 23:1021(10) defines "wages" as "average weekly wage at the time of the accident" and provides a formula to determine the average weekly wage. Social security benefits do not appear in § 1021's definition of "wages." Once wages from employment (as opposed to benefits from retirement) are ascertained, then a percentage is paid to the survivors who were dependent on those earnings. See La. R.S. 23:1232.
In three of the cases cited by Mrs. Arledge as support for her position, Estate of Bell v. Timber, 28,333 (La.App. 2 Cir. 5/8/96), 675 So.2d 284, writ denied, 96-1467 (La.9/20/96), 679 So.2d 435; Estate of Williams v. Louisiana Office of Risk Management, 93-795 (La.App. 3 Cir. 3/2/94), 634 So.2d 1260, writ denied, 94-0793 (La.5/6/94), 637 So.2d 1054; Tran v. Avondale Shipyards, Inc., 95-542 (La.App. 5 Cir. 11/15/95), 665 So.2d 507, writ denied, 95-2993 (La.3/8/96), 669 So.2d 406, the employees were earning wages when their injuries manifested themselves, and they then died from those injuries, whereupon death benefits began.
The case of McDonald v. New Orleans Private Patrol, 569 So.2d 106 (La.App. 4 Cir.1990), was cited by the workers' compensation judge in her reasons for judgment and is relied upon by Mrs. Arledge in her brief. Mr. McDonald worked as a private security guard for New Orleans Private Patrol at the Johns-Manville plant from 1957 until he retired in 1975. His widow instituted an action for workers' compensation benefits on May 20, 1985, alleging that his death on March 7, 1984, was either caused or contributed to by his exposure to asbestos during his employment with New Orleans Private Patrol.
The trial court awarded Mrs. McDonald total disability benefits from May 16, 1975, through March 7, 1984, along with death benefits from March 7, 1984, through June 21, 1986, together with medical benefits and burial expenses. The Third Circuit Court of Appeal affirmed the trial court. We decline to follow McDonald.
In the case sub judice, we find that the workers' compensation judge erred in finding that Mr. Arledge's social security benefits and union pension constituted "wages" that entitled Mrs. Arledge to death benefits upon his death twelve years after he retired from Dolese.
Louisiana Revised Statute 23:1021(10) defines wages as "average weekly wage at the time of the accident" as stated above. Further, La. R.S. 23:1021 provides different formulas for determining the average weekly wage of workers who are paid hourly, part-time employees, employees who have successive employers, seasonal employees, and employees who are paid monthly, annually, or based on a unit, piecework, commission, or other basis. Clearly, it does not appear that the Legislature intended to provide workers' compensation death benefits to the survivors of retired employees based upon the retiree's social security and pension benefits, which are passive income, *880 but rather, intended to provide workers' compensation death benefits to the survivors of those currently employed based upon the employee's wages, which are active income.
Due to our finding of merit in assignment of error number one, we need not address assignment of error number two.
For the foregoing reasons, the trial court judgment is REVERSED.[1] Costs are assessed against Mrs. Arledge.
FOGG, J., dissents and assigns reasons.
PETTIGREW, J., concurs.
FOGG, J., Dissenting.
I respectfully dissent. LSA-R.S. 23:1231 establishes the death benefit and provides, in pertinent part:
A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.
The statute requires only that the death of the employee occur within two years of the last treatment resulting from the accident and that the survivor be dependent on the employee's earnings. There is no requirement that an employee be gainfully employed or earning wages until the moment of death for the benefit to be due. See Dean v. K-Mart Corp., 97-2850 (La. App. 4 Cir. 7/29/98), 720 So.2d 349, writ denied, 98-2314 (La.11/13/98), 731 So.2d 265; Tran v. Avondale Shipyards, Inc., 95-542 (La.App. 5 Cir. 11/15/95), 665 So.2d 507, writ denied, 95-2993 (La.3/8/96), 669 So.2d 406. Rather, the statute establishes entitlement and references the calculation of the death benefit payment, which is based on the injured employee's wages at the time of the accident. See LSA-R.S. 23:1232; McDonald v. New Orleans Private Patrol, 569 So.2d 106 (La.App. 4 Cir. 1990).
The majority reverses the workers' compensation judge's award of death benefits to Mrs. Arledge, finding Mr. Arledge's old age social security and union retirement benefits are not "wages" that entitle Mrs. Arledge to death benefits. I disagree. I find no statutory limitation on the type of earnings/income on which the survivor must be dependent and, therefore, nothing to preclude Mrs. Aldridge's eligibility to receive a death benefit. Interpreting the workers' compensation statute in favor of the employee as required by Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989), I would affirm the judgment of the workers' compensation judge.
NOTES
[1] In view of the Louisiana Supreme Court's ruling in American Deposit Insurance Company v. Myles, 00-2457 (La.4/25/01), 783 So.2d 1282, and the fact that this appeal comes from the workers' compensation court and not a district court, the agreement of two judges is sufficient to reverse. In American Deposit Insurance Company v. Myles, the Louisiana Supreme Court ruled:

In reference to the courts of appeal, the Louisiana Constitution states:
JUDGMENTS. A majority of the judges sitting in a case must concur to render judgment. However, in civil matters only, when a judgment of a district court is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority must concur to render judgment.
La. Const. Art. V, § 8(B). By its very terms, this provision is limited to district court judgments which are modified or reversed. Lee Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La. L.Rev. 765, 808 (1977).