# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**04-0455**

**WILLARD JOHNSON (DECEASED)**

**VERSUS**

**CITY OF LAKE CHARLES**

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 02-09523,
HONORABLE CHARLOTTE L. BUSHNELL,
WORKERS' COMPENSATION JUDGE

************

**JIMMIE C. PETERS
JUDGE**

************

Court composed of Jimmie C. Peters, Glenn B. Gremillion, and Billy H. Ezell, Judges.

**AFFIRMED.**

Kevin L. Camel
Cox, Cox, Filo & Camel
723 Broad Street
Lake Charles, LA 70601
(337) 436-6611
COUNSEL FOR PLAINTIFF/APPELLEE:
    Willard Johnson (Deceased)

Christopher John
Assistant City Attorney
Post Office Box 900
Lake Charles, LA 70602
(337) 491-1523
COUNSEL FOR DEFENDANT/APPELLANT:
    City of Lake Charles

PETERS, J.

The City of Lake Charles appeals the judgment of the workers' compensation judge awarding Rena Sonnier Johnson, the widow of Willard Johnson, weekly benefits in the amount of $82.70, beginning on the date of Mr. Johnson's death, October 19, 2002. Mrs. Johnson has answered the appeal, seeking a reversal of the workers' compensation judge's denial of an award of attorney fees and seeking an award of attorney fees for the work performed on appeal. For the following reasons, we affirm the judgment of workers' compensation judge and reject Mrs. Johnson's request for attorney fees.

The facts giving rise to this litigation are not in dispute. Willard Johnson and Rena Sonnier Johnson were married on January 10, 1947. They lived together without separation until Mr. Johnson's death. Mr. Johnson worked for the Lake Charles Fire Department for approximately twenty-six years and retired in 1977. At the time of his retirement, Mr. Johnson's average weekly wage was $254.46. In July of 2002, or almost twenty-five years after his retirement, Mr. Johnson was diagnosed with lung cancer. He died of that disease on October 19, 2002.

At the time of his death, Mr. Johnson's income was comprised of his retirement pension from the City of Lake Charles and social security benefits. Mrs. Johnson also drew a small social security check. After Mr. Johnson's death, Mrs. Johnson began receiving survivor's benefits from the retirement pension, which amounted to less than one-half the amount previously paid to her husband. Additionally, her social security check was stopped, and she began receiving an amount from her husband's social security benefits, again in an amount less than that previously paid to her husband.

On December 30, 2002, and after her demand for death benefits pursuant to La.R.S. 23:1231 was rejected by the City of Lake Charles, Mrs. Johnson filed a disputed claim for compensation. The matter ultimately went to trial on January 8, 2004. After completion of the evidence, the workers' compensation judge stated the following oral reasons in rendering judgment:

> The court finds the causation is proven here. This is clearly a heart and lung case. Mr. Johnson clearly died of lung cancer, and he had been a firefighter for a number of years with the Lake Charles Fire Department. And under Revised Statute 23:1251, a surviving spouse is conclusively presumed to be wholly and actually dependent upon the deceased employee with whom he or she is living at the time of the accident or death. But what we have got here is not enough to overcome the conclusive presumption, so Mrs. Johnson is entitled to recover benefits. No penalties and attorney's fees are owed in this matter as the court finds that the matter has been reasonably controverted.

The parties had stipulated that the weekly death benefit based on Mr. Johnson's average weekly wage would be $82.70. The workers' compensation judge signed a judgment on January 15, 2004, awarding Mrs. Johnson weekly death benefits in that amount, beginning on the date of Mr. Johnson's death. In the judgment, the workers' compensation judge also rejected Mrs. Johnson's request for attorney fees. This appeal followed the signing of that judgment.

## OPINION

### *Appeal of the City of Lake Charles*

The City of Lake Charles does not dispute that Mr. Johnson died of lung cancer and that the litigation is governed by the provisions of La.R.S. 33:2581, the Firefighter's Heart and Lung Statute. That statute provides as follows:

> Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana

2

to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.

Although not specifically incorporated into the Louisiana Workers' Compensation Act, this statute and its provision of a service-related occupational injury is applicable to workers' compensation cases. *Coats v. City of Bossier City*, 31,164 (La.App. 2 Cir. 10/30/98), 720 So.2d 1283, *writ denied*, 99-0019 (La. 2/12/99), 738 So.2d 581. Under the Louisiana Workers' Compensation Act, "the dependent of an employee whose death is caused by an occupational disease . . . shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment." La.R.S. 23:1031.1(A).

The City of Lake Charles does not dispute the workers' compensation judge's determination that Mr. Johnson died from a compensable occupational disease. Rather, it asserts that the workers' compensation judge erred in concluding that Mrs. Johnson was entitled to weekly death benefits where her husband had retired and was receiving no active wages at the time of his death.

In asserting this argument, the City of Lake Charles relies on *Arledge v. Dolese Concrete Co.*, 00-0363 (La.App. 1 Cir. 6/6/01), 807 So.2d 876, *writ denied*, 01-2357 (La. 11/16/01), 802 So.2d 617, and its interpretation of La.R.S. 23:1231 as it applies to death benefit cases arising from occupational diseases in which the death occurred after retirement.

3

The statute at issue in this litigation and in the *Arledge* case, La.R.S. 23:1231(A), provides in pertinent part that when an injury causing death to an employee occurs, there "shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart." When the sole legal dependent is the widow of the employee, the weekly benefit shall be "thirty-two and one-half per centum of wages." La.R.S. 23:1232(1). Additionally, when the surviving spouse was living with the deceased employee at the time of his death, she is "conclusively presumed to be wholly and actually dependant upon [him]." La.R.S. 23:1251(1).

In *Arledge*, Wesley John Arledge was employed by Dolese Concrete Company between 1956 and 1984. He allegedly contracted silicosis as a result of his employment environment and died from that condition on October 2, 1996. Mr. Arledge's widow then sought death benefits pursuant to the Louisiana Workers' Compensation Act. At the time of his death, the Arledges were receiving social security retirement benefits and a union pension. The employer raised the same defense that has been raised herein—that because Mr. and Mrs. Arledge were not receiving any earnings from Mr. Arledge's employer at the time of his death, Mrs. Arledge was not entitled to death benefits. A divided panel of the first circuit agreed. In interpreting La.R.S. 23:1231, the majority stated:

> Death benefits are designed to replace the earnings of an employee killed in a work-related accident. The amount of the benefit payment, as set out in La.R.S. 23:1232, is a statutorily mandated percentage of "wages." Louisiana Revised Statute 23:1021(10) defines "wages" as "average weekly wage at the time of the accident" and provides a formula to determine the average weekly wage. Social security benefits do not appear in § 1021's definition of "wages." Once wages from employment (as opposed to benefits from retirement) are ascertained, then a percentage is paid to the survivors who were dependent on those earnings. See La.R.S. 23:1232.

> . . . .
>
> . . . Clearly, it does not appear that the Legislature intended to provide workers' compensation death benefits to the survivors of retired employees based upon the retiree's social security and pension benefits, which are passive income, but rather, intended to provide workers' compensation death benefits to the survivors of those currently employed based upon the employee's wages, which are active income.

*Id.* at 879-80.

The dissenting judge pointed out that nothing in La.R.S. 23:1231 requires that the employee be gainfully employed until the moment of death for the benefit to be due. "Rather, the statute established entitlement and references the calculation of the death benefit payment, which is based on the injured employee's wages at the time of the accident." *Id.* at 880.

We decline to follow the *Arledge* decision. As stated in *Pinkins v. Cardinal Wholesale Supply, Inc.*, 619 So.2d 52, 55 (La.1993): "It is well established that the workers' compensation act is remedial in nature. In order to effectuate the humane policies it reflects, the law is to be liberally construed in favor of the injured employee." To limit death benefit recovery to only those cases in which an employee is actually killed in a work-related accident would be to ignore the clear language of La.R.S. 23:1031.1(A), which grants a dependent of an employee who dies from an occupational disease the same recovery rights "as if [the] employee received personal injury by accident arising out of and in the course of his employment."

Additionally, La.R.S. 33:2581 clearly provides that a firefighter's survivors "shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of *whether the fireman is on duty at the time he is stricken* with the disease or infirmity." (Emphasis added.) To apply *Arledge*

5

would be to leave the widows of many employees without a remedy solely because of the *date* of the employees' deaths, despite the clear language of the statute. In other words, it would require that the focus be on the fortuity of the timing of the progression of the disease and not its relation to the employment situation.

We also reject the argument of the City of Lake Charles that Mr. Johnson's retirement precluded recovery of death benefits because he was no longer receiving "wages." To accept this premise would be to deny the liberal construction in favor of the injured employee. The benefits awarded Mrs. Johnson were based on Mr. Johnson's average weekly wage at the time of his retirement and not on his retirement pension or social security benefits. As pointed out by the dissent in *Arledge*, nothing in La.R.S. 23:1231 required that Mr. Johnson be gainfully employed at the moment of his death for the death benefit to be due Mrs. Johnson. Additionally, even under a rigid "wage" construction, technically, Mr. Johnson's retirement benefits were directly based on his past wages.

### *Answer to Appeal Filed by Mrs. Johnson*

In answering the appeal, Mrs. Johnson seeks reversal of the trial court's denial of her request for attorney fees as well as an award for attorney fees for work performed on this appeal. We reject both requests. "[A]n employer should not be penalized for bringing a close legal issue to court." *Burruss v. Centro Mgmt., Inc.*, 00-1274, p. 2 (La.App. 3 Cir. 2/28/01), 780 So.2d 630, 631. In the instant case, a substantial legal issue existed, and the City of Lake Charles relied on existing jurisprudence. The City of Lake Charles was not arbitrary, capricious, or without probable cause in denying benefits to Mrs. Johnson. Accordingly, we affirm the

6

workers' compensation judge's denial of attorney fees and concomitantly decline to award attorney fees for the work performed on appeal.

## DISPOSITION

We affirm the judgment of the workers' compensation judge in all respects and reject Rena Sonnier Johnson's request for attorney fees on appeal. We assess all costs of this appeal to the City of Lake Charles to the extent allowed by law.

**AFFIRMED.**