MICHAEL E. KIRBY, Judge.
 

 I,
 
 STATEMENT OF THE CASE
 

 Relator, Elizabeth Richards, seeks review of a judgment of Office of Workers’ Compensation granting the St. Bernard Parish Government’s partial motion for summary judgment. For the reasons that follow we grant the writ and reverse.
 

 FACTS
 

 Relator Elizabeth Richards is the widow of Raleigh Richards, a deceased St. Bernard Parish Firefighter. In February, 2009, Mrs. Richards filed a disputed claim for compensation with the Office of Worker’s Compensation in which she sought death benefits pursuant to La. 23:1231 claiming that her husband’s illness and death were work related.
 

 Reserving the question of whether Raleigh Richards suffered a compensable injury, the St. Bernard Parish Government filed a partial motion for summary judgment alleging that any death benefits could not include indemnity benefits because Raleigh Richards was retired and earning no wages at the time of death. 12Respondent alleged that if compensability is shown, the only benefits owing would be limited to burial expenses.
 

 The Worker’s Compensation Judge granted respondent’s partial motion for summary judgment finding that the Raleigh Richard’s widow is not entitled to any wage related benefits under the act, and that the only benefits to which Mrs. Richards was entitled were reasonable funeral expenses. Relator’s timely application for review follows.
 

 DISCUSSION AND RECOMMENDATION
 

 Worker’s compensation death benefits are provided for under Title 23, Chapter 10 as follows:
 

 
 *869
 
 § 1281. Death of employee; payment to dependents; surviving parents
 

 A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.
 

 B. (1) If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
 

 (2) However, if the employee leaves no legal dependents entitled to benefits under any state or federal compensation system, the sum of seventy-five thousand dollars shall be paid to each surviving parent of the|sdeceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.
 

 § 1251 Persons conclusively presumed dependents
 

 (1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
 

 (2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution.
 

 § 1254 Dependency at the time of accident and death
 

 In all cases provided for under this Part the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact.
 

 § 1255. Widow or widower; living with spouse at time of injury or death
 

 No compensation shall be payable under this Part to a surviving spouse unless he or she was living with the deceased spouse at the time of the injury or death, or was then actually dependent upon the deceased spouse for support.
 

 In its partial motion for summary judgment, respondent cited
 
 Arledge v. Dolese Concrete Co.,
 
 2000-0363 (La.App. 1 Cir. 6/6/01), 807 So.2d 876 (Fogg, J. dissenting), in support if its argument that because Raleigh Richards was earning no wages at the time of his death then no benefits pursuant to La. R.S. 23:1231 are owed.
 

 In
 
 Arledge,
 
 the workers’ compensation judge awarded death benefits to the widow of an employee after finding that his social security benefits and union |4pension constituted “wages” that entitled his widow to death benefits upon his death twelve years after he retired. On appeal, the First Circuit Court of Appeal reversed the award, holding that no indemnity death benefits were owed. Initially, the Court outlined the difficulty in equating pension and social security benefits with “wages,” stating:
 

 Death benefits are designed to replace the earnings of an employee killed in a work-related accident. The amount of the benefit payment, as set out in La. R.S. 23:1232, is a statutorily mandated percentage of “wages.” Louisiana Re
 
 *870
 
 vised Statute 23:1021(10) defines “wages” as “average weekly wage at the time of the accident” and provides a formula to determine the average weekly wage. Social security benefits do not appear in § 1021’s definition of “wages.” Once wages from employment (as opposed to benefits from retirement) are ascertained, then a percentage is paid to the survivors who were dependent on those earnings. See La. R.S. 23:1232.
 

 Arledge,
 
 p. 4, 807 So.2d at 879.
 

 Accordingly, the Court concluded that the worker’s compensation judge erred, stating:
 

 Louisiana Revised Statute 23:1021(10) defines wages as “average weekly wage at the time of the accident” as stated above. Further, La. R.S. 23:1021 provides different formulas for determining the average weekly wage of workers who are paid hourly, part-time employees, employees who have successive employers, seasonal employees, and employees who are paid monthly, annually, or based on a unit, piecework, commission, or other basis. Clearly, it does not appear that the Legislature intended to provide workers’ compensation death benefits to the survivors of retired employees based upon the retiree’s social security and pension benefits, which are passive income, but rather, intended to provide workers’ compensation death benefits to the survivors of those currently employed based upon the employee’s wages, which are active income.
 

 Arledge,
 
 p. 5, 807 So.2d at 879-880.
 

 | ¿Relator contends that the trial court erred in granting respondent’s partial motion for summary judgment. Relator notes that
 
 Arledge
 
 is not controlling jurisprudence in this Circuit and argues that
 
 Johnson v. City of Lake Charles,
 
 04-455 (La.App. 3 Cir. 9/29/04), 883 So.2d 521, which rejected
 
 Arledge
 
 in favor of a more liberal approach, is the better reasoned opinion and should be followed.
 

 In
 
 Johnson,
 
 the Third Circuit ruled that the widow of a deceased firefighter who died from lung cancer was entitled to weekly death benefits, even though her husband had retired and was not receiving any wages at the time of his death. In declining to follow
 
 Arledge,
 
 the court noted with approval that the dissenting judge “pointed out that nothing in La. R.S. 23:1231 requires that the employee be gainfully employed until the moment of death for the benefit to be due.”
 
 Johnson,
 
 p. 5, 883 So.2d at 525. “Rather, the statute established entitlement and references the calculation of the death benefit payment, which is based on the injured employee’s wages at the time of the accident.
 
 Id. [Arledge,
 
 p.5, 807 So.2d] at 880.”
 
 Johnson,
 
 p. 5, 883 So.2d at 525.
 

 Furthermore, citing
 
 Pinkins v. Cardinal Wholesale Supply, Inc.,
 
 619 So.2d 52, 55 (La.1993) the court noted that the workers’ compensation act is remedial in nature and “is to be liberally construed in favor of the injured employee.” Additionally, the court noted that La. R.S. 23:1031.1(A), grants a dependent of an employee who dies from an occupational disease the same recovery rights “as if [the] employee received personal injury by accident arising out of and in the course of his employment.” Accordingly, the court concluded that “to limit death benefit recovery to only those cases in which an employee is actually killed in a work-related accident would be to ignore the clear language of La. R.S. 23:1031.1(A).”
 
 Johnson,
 
 p. 5, 883 So.2d at 525.
 

 ^Furthermore, the court determined that the case was governed by the Heart and Lung Act, La. R.S. 33:2581, which provides that a firefighter’s survivors “shall be entitled to all rights and benefits as granted by the laws of the state of
 
 *871
 
 Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty,
 
 regardless
 
 of whether the fireman is on duty at the time he is stricken with the disease or infirmity.” (emphasis supplied).
 

 The court concluded that if it applied
 
 Arledge
 
 it would leave the widows of many employees without a remedy solely on the basis the “fortuity of the timing of the progression of the disease and not its relation to the employment situation.”
 
 Johnson,
 
 p. 6, 883 So.2d at 525.
 

 The court also rejected the City of Lake Charles’s argument that Mr. Johnson’s retirement precluded recovery of death benefits because he was no longer receiving “wages” stating:
 

 To accept this premise would be to deny the liberal construction in favor of the injured employee. The benefits awarded Mrs. Johnson were based on Mr. Johnson’s average weekly wage at the time of his retirement and not on his retirement pension or social security benefits. As pointed out by the dissent in
 
 Arledge,
 
 nothing in La. R.S. 23:1231 required that Mr. Johnson be gainfully employed at the moment of his death for the death benefit to be due Mrs. Johnson. Additionally, even under a rigid “wage” construction, technically, Mr. Johnson’s retirement benefits were directly based on his past wages.
 

 Johnson,
 
 p. 6, 883 So.2d at 525.
 

 The Third Circuit had cause to revisit the issue in
 
 McClure v. City of Pineville,
 
 2006-279 (La.App. 3 Cir. 12/6/06, 944 So.2d 795), which concerned a claim for benefits by the widow of a deceased fireman who died of lung cancer three years after his retirement. As in
 
 Johnson,
 
 the defendant cited
 
 Arledge
 
 but also urged the [7court to reject
 
 Johnson
 
 on the basis that pertinent language in La. R.S. 23:1231 and La. R.S. 23:1251 established the court’s error in that case. The City of Pineville argued that although Section 1251 provides that a surviving spouse with whom the deceased employee is living at the time of accident or death is “conclusively presumed to be wholly and actually dependent upon the deceased employee,” this presumption did not relieve a surviving spouse who was living with the deceased employee at the time of his death of proving that she was “actually and wholly dependent
 
 upon his earnings for support.”
 
 La. R.S. 23:1231.
 

 The Court acknowledged that Section 1251’s presumption appeared to fall short of satisfying the “earnings” requirements of Section 1231; however the court looked to section 1255 and associated jurisprudence and concluded that where dependency is presumed, “contribution to support” i.e. “earnings” need not be proved.
 
 [1]
 

 The court then looked to the record and found that Mrs. McClure proved that she lived with Mr. McClure at the time of his death and that the conclusive presumption of La. R.S. 23:1251 applied to her. Accordingly, the court ruled that the worker’s compensation judge did not err in awarding Mrs. McClure death benefits.
 

 CONCLUSION
 

 Admittedly, the Third Circuit’s approach to the proper application of La. R.S. 23:1231 is somewhat strained as it can be argued that the court’s focus on the |sevidentiary presumptions of dependency are simply unnecessary when no “wages” are being earned.
 

 
 *872
 
 Nevertheless, it is apparent that the legislature failed to properly account for workers who die as a result of long latency occupational diseases. It may appear, as respondent argues, that under the
 
 Johnson
 
 approach dependents will benefit from double recovery; however, there is nothing in section 1231 that prevents a dependent from receiving a death benefit on the account of an employee who is also retirement eligible at the time of death. We find it significant that the legislature did not prescribe any type of death benefit offset when pension benefits are available or being received as it did with total disability benefits. See La. R.S. 23:1225.
 
 [2]
 

 Respondent suggests that
 
 Arledge
 
 was correctly decided because the legislature enacted La. 23:1231 as a means to replace lost earnings not as a means to supplement retirement benefits. However, although the section certainly acts to provide for lost earnings, the strongly remedial nature of the statute is evidenced by subsection 1231(B)(2) which a provides a lump sum payment to both parents of a deceased employee when the employee leaves no dependents.
 

 While there are difficulties associated with either Circuit’s approach, we conclude that
 
 Johnson
 
 reflects the better application. Accordingly, we grant the writ and reverse the judgment granting respondent’s partial motion for summary judgment.
 

 WRIT GRANTED; JUDGMENT REVERSED.
 

 [1]
 

 . The court cited
 
 Haynes v. Loffland Bros. Co.,
 
 215 La. 280, 291, 40 So.2d 243, 247 (1949); where it was observed: "the courts have consistently held that both relationship and con-tribuüon to support at the time of the injury and death must be proved in all cases where dependency is not conclusively presumed.”
 

 [2]
 

 . It should also be noted that La. R.S. 23:1225(C)(1) does not provide for worker's compensation benefits to be offset for tenure-based retirement pension benefits. An offset is only available under disability benefit plans in the proportion funded by the employer.