McClendon, j.
12Flavia Richard, the widow of Francis Richard, appeals a judgment of the office of workers’ compensation (OWC), which granted an employer’s motion for summary judgment and dismissed Mrs. Richard’s workers’ compensation claims. Mrs. Richard also appeals a judgment denying her motion for partial summary judgment. *340 For the following reasons, we reverse the OWC’s grant of the employer’s motion for summary judgment, and we dismiss the appeal to the extent it seeks review of the denial of Mrs. Richard’s motion for partial summary judgment.
FACTS AND PROCEDURAL HISTORY
Francis Richard was employed by Supreme Sugar Company, Inc. (Supreme Sugar) in Labadieville, Louisiana from 1946 until he retired in 1993. Mr. Richard died on December 12, 2008. On May 1, 2009, Flavia Richard, as the surviving spouse of Mr. Richard, filed the instant claim seeking workers’ compensation benefits against Supreme Sugar, alleging that Mr. Richard contracted an occupational disease, lung cancer, as a result of being exposed to asbestos while employed at Supreme Sugar.
On June 29, 2009, American Sugar Refining, Inc., formerly Tate & Lyle North American Sugars, Inc., formerly Supreme Sugar Company, Inc., (the Employer), filed an answer denying all claims asserted by Mrs. Richard (the Claimant).[1] On January 29, 2010, the Employer filed a motion for summary judgment seeking to dismiss the Claimant’s workers’ compensation claims, alleging that Mr. Richard’s social security and retirement benefits did not constitute “earnings” such as to qualify his wife for death benefits as provided under LSA-R.S. 23:1021 and 23:1232. Following a hearing on March 19, 2010, the OWC took the Employer’s motion for summary judgment under advisement.
|sOn March 12, 2010, the Claimant filed her own motion for summary judgment, asserting that it was undisputed that Mr. Richard’s death resulted from an occupational disease.[2] Following a hearing on June 1, 2010, the OWC took the matter under advisement.
On June 29, 2010, the OWC issued two judgments — one addressing the Claimant’s motion for summary judgment and the other addressing the Employer’s motion for summary judgment. The OWC denied the Claimant’s motion, finding that genuine issues of material fact remained concerning whether exposure to asbestos caused an occupational disease related to Mr. Richard’s death. However, the OWC granted the Employer’s motion and dismissed Claimant’s petition with prejudice, finding that the Claimant was not entitled or eligible to receive death benefits “because retirement benefits and social security benefits do not constitute wages or earnings under the Workers’ Compensation Act.” The Claimant has appealed, seeking review of both OWC judgments.
DISCUSSION
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Duncan v. U.S.A.A. Ins. Co., 06-363, p. 3 (La.11/29/06), 950 So.2d 544, 546; see LSA-C.C.P. art. 966. Summary judgments are reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; whether there is any genuine *341 issue of material fact, and whether the movant is entitled to judgment as a matter of law. Wright v. Louisiana Power & Light, 06-1181 (La.3/9/07), 951 So.2d 1058, 1070.

Employer’s Motion for Summary Judgment

Louisiana Revised Statutes 23:1231, entitled “Death of employee; payment to dependents; surviving parents,” provides:
|,,A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.[3]
Accordingly, it must first be determined whether Mrs. Richard was a legal dependent entitled to receive death benefits under LSA-R.S. 23:1231.
With regard to dependency, LSA-R.S. 23:1251 provides, in pertinent part:
The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
The record reflects that the address listed for Mr. Richard on his death certifícate matches the address listed by Mrs. Richard on her disputed claim for compensation with the office of workers’ compensation. Additionally, the death certificate lists Mrs. Richard as Mr. Richard’s surviving spouse. We note that the employer has not introduced any evidence to the contrary.[4] Therefore, on the record before us, it appears that Mrs. Richard qualifies as a legal dependent under LSA-R.S. 23:1231 for purposes of death benefits.[5]
Death benefits under LSA-R.S. 23:1232 are calculated based on the employee’s “wages.” Louisiana Revised Statutes 23:1021(10) defines “wages” as “average weekly wage at the time of the accident” and provides an enumeration of formulas to make this calculation. Regardless of dependency of Mrs. Richard, the Employer contends that since Mr. Richard had retired, he was no longer earning “wages” upon which death benefits could be calculated.
In support, the Employer cites Arledge v. Dolese Concrete Company, 00-0363 (La. App. 1 Cir. 6/6/01), 807 So.2d 876, writ denied, 01-2357 (La.11/16/01), 802 So.2d 617, wherein this court held that a retired employee’s social security benefits and union pension did not constitute “wages” within the | ^language of the statute so as to qualify an employee’s widow for worker’s compensation death benefits upon an employee’s death allegedly due to work-related silicosis, twelve (12) years after he retired. In so holding, this court reasoned:
Clearly, it does not appear that the Legislature intended to provide workers’ compensation death benefits to the survivors of retired employees based upon the retiree’s social security and pension benefits, which are passive income, but rather, intended to provide workers’ compensation death benefits to the survivors of those currently employed *342 based upon the employee’s wages, which are active income.
Arledge, 00-0363 at p. 5, 807 So.2d at 879-80. Accordingly, this court reversed the OWC’s decision awarding death benefits to the employee’s widow.[6] The Employer asserts that Arledge, which was apparently relied upon by the OWC, is dispositive.
On the other hand, the Claimant contends that the Arledge rationale is no longer germane because the legislature has clarified the definition of “wages” when dealing with occupational diseases. The Claimant notes that shortly after this court rendered its decision in Arledge, subpara-graph (g) was added to LSA-R.S. 23:1021(12).[7] See 2001 La. Acts No. 1014, § 1, eff. June 27, 2001. Specifically, LSA-R.S. 23:1021 now provides, in pertinent part:
(12) “Wages” means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
* * * * * *
(g) Date of accident. In occupational disease claims the date of the accident for purposes of determining the employee’s average weekly wage shall be the date of the employee’s last employment with the employer from whom benefits are claimed or the date of his last injurious exposure to conditions in his employment, whichever date occurs later.
|fiThe Claimant concludes that the unqualified inclusion of the method of calculation for average weekly wages as of the time of last exposure or last employment with the last exposing employer manifests the legislature’s intent to provide coverage for “long latency” occupational diseases that manifest themselves long after cessation of exposure to the injurious substance and, in many cases, after active employment.
The addition of subsection (g) to LSA-R.S. 23:1021(12) provides that in cases involving occupational diseases “wages” are calculated based upon “the date of the employee’s last employment ... or the date of his last injurious exposure.” The statute does not require that benefits arising from occupational diseases be based upon current employment or upon wages being earned at the time the condition manifests. The amendment also makes no distinction between active and passive income and the worker’s compensation act does not provide any exclusion in the event the employee is receiving only social security and/or retirement benefits. Nor does it provide any type of death benefit offset when pension and/or retirement benefits are available or being received.[8] We also note that the Third Circuit has disagreed with Arledge, stating that “limit[ing] death benefit recovery to only those cases in which an employee is actually killed in a work-related accident would be to ignore the clear language of La.R.S. 23:1031.1(A), which grants a dependent of an employee *343 who dies from an occupational disease the same recovery rights ‘as if [the] employee received personal injury by accident arising out of and in the course of his employ-' ment.’ ” Johnson v. City of Lake Charles, 04-0455, p. 5 (La.App. 3 Cir. 9/29/04), 883 So.2d 521, 525. Additionally, while the Fourth Circuit recognized the difficulties in the application of the positions put forth in both Arledge and Johnson, the court, relying heavily on the statutory scheme of the workers’ compensation act, ultimately followed the rationale of Johnson. See Richards v. St. Bernard Parish Govt., 09-1133 (La.App. 4 Cir. 10/21/09), 25 So.3d 867. Accordingly, in light of LSA-R.S. 23:1021(12)(g), we conclude that a retired employee’s receipt |7of social security or retirement benefits does not preclude receipt of workers’ compensation death benefits in cases involving occupational disease.[9]
We acknowledge that this result allows additional recovery to those widows and widowers whose spouses retired and were receiving pension benefits at the time of death, in contrast to those widows or widowers whose spouses were not receiving such benefits and were dependent upon wages only. Further, we recognize the argument that death benefits may have been intended to replace lost earnings rather than supplement retirement benefits and that the presumption of dependency may be moot where there are no wages being earned at the time of death. However, these policy issues are best addressed by the legislature.
The Employer also urges that Mr. Richard was never an “employee” of either American Sugar or Tate & Lyle and that any claim against these companies was properly dismissed by the OWC. We note that the Employer did not raise this issue in its motion for summary judgment. See LSA-C.C.P. art. 966(E) (“[A] summary judgment shall be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time.”) Accordingly, we cannot consider this issue on appeal at this time.

Claimant’s Motion for Partial Summary Judgment

The Claimant also contends that the OWC erred in failing to grant her motion for partial summary judgment because no genuine issue of material fact remains with regard to causation. She asserts that the only medical evidence produced reflects that Mr. Richard suffered from an occupationally-related lung cancer and that the occupational disease caused his death. She avers that no evidence to the contrary was produced by the Employer.
We note that an appeal does not lie from the court’s refusal to render any judgment on the pleading or summary judgment. LSA-C.C.P. art. 968. Since a 1 «trial court’s action in overruling a motion for summary judgment is merely an interlocutory judgment, it cannot be appealed, except under the appeal from the final judgment rendered in the case. See LSA-C.C.P. art. 968, comment (d); see also Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C., 06-0992, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 939, 940. Having reversed the grant of the Employer’s motion for summary judgment, we dismiss the appeal to the extent it seeks review of the denial of the Claimant’s motion for partial summary *344 judgment prior to the conclusion of the case.
CONCLUSION
For the foregoing reasons, we reverse the OWC’s judgment granting the Employer’s motion for summary judgment, and we dismiss the appeal to the extent it seek review of the OWC’s judgment denying the Claimant’s motion for partial summary judgment. This matter is remanded to the OWC for further proceedings consistent herewith. Costs of this appeal are assessed to American Sugar Refining, Inc.
JUDGMENT GRANTING EMPLOYER’S MOTION FOR SUMMARY JUDGMENT REVERSED; APPEAL SEEKING REVIEW OF DENIAL OF CLAIMANT’S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSED; MATTER REMANDED.
McDONALD, J. dissents and assigns reasons.
HUGHES, J. concurs.

. Mrs. Richard subsequently amended her claim to name American Sugar and Refining Company, Inc. and Tate and Lyle North American Sugar, Inc. as defendants. In response, the referenced defendants filed an answer denying all claims asserted therein.

. On March 19, 2010, the Claimant filed a First and Second Supplement to her Motion for Summary Judgment to attach excerpts from her deposition, Melvin Richard’s deposition, and Dr. Glenn Gomes’s deposition.

. There does not appear to be any issue as to the timeliness of the action nor has this been raised by the Employer.

. This issue appears to be uncontested.

.See McClure v. City of Pineville, 2006-279 (La.App. 3 Cir. 12/6/06), 944 So.2d 795, where the Third Circuit made a finding of dependency based on documentary evidence that the widow had the same address as the deceased employee.

.In Arledge, one of the three judges concurred and one dissented. The dissent points out that nothing in LSA-R.S. 23:1231 requires that the employee be gainfully employed until the moment of death for the benefit to be due. "Rather, the statute establishes entitlement and references the calculation of the death benefit payment, which is based on the injured employee's wages at the time of the accident.” Arledge, 00-0363 at p. 1 (dissent), 807 So.2d at 880.

. The Employer points out that this court denied rehearing and the Louisiana Supreme Court denied writs in Arledge after LSA-R.S. 23:102l(12)(g) became effective. However, it is not clear whether the effect of the amendment was raised by the parties and neither court formally addressed this issue in their respective denials.

. Cf. LSA-R.S. 23:1225, which provides for various reductions when other benefits are payable.

. We further note that Arledge did not address whether reasonable related medical services necessary to diagnose and treat the claimant’s injury and burial expenses were recoverable. See LSA-R.S. 23:1203 and 23:1210.