951 So.2d 1197 (2007)
Ramona SYNIGAL
v.
VANGUARD CAR RENTAL.
No. 06-CA-761.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2007.
*1198 Kenneth W. Andrieu, Kenneth W. Andrieu & Assocs., Metairie, Louisiana, for Plaintiff/Appellee.
Jeffrey C. Napolitano, Juge, Napolitano. Guilbeau, Ruli, Frieman & Whiteley, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and GREG G. GUIDRY.
THOMAS F. DALEY, Judge.
The employer has appealed the judgment in favor of claimant in this workers' compensation lawsuit. For the reasons that follow, we reverse in part and affirm in part.
FACTS:
The claimant, Ramona Synigal, was employed by defendant, Vanguard Car Rental, as a service agent. On June 24, 2004, she was sitting in a car on her employer's lot waiting to drive that car into the car wash when she was rear ended by another employee. She was taken to the hospital where she was treated for lumbar strain. She then sought treatment from a physician recommended by her employer and later from an orthopedist, Dr. James Baker. From her return to work on June 26, 2004 until her termination on July 14, 2004, she worked "light duty" as instructed by her physicians. On September 27, 2004, Dr. Baker noted that he determined claimant had reached maximum medical improvement on September 21, 2004 and had no permanent impairment. She filed a disputed claim for compensation on August 9, 2004.
Defendant denied that claimant was due compensation benefits after her termination for cause. Following a trial, the workers' compensation judge (WCJ) found in favor of claimant, awarding benefits. The WCJ further found that defendant was arbitrary and capricious and awarded penalties and attorneys' fees. This timely appeal followed.
DISCUSSION:
On appeal, defendant argues the trial court erred as a matter of law in finding that an employee, who returns to work within the physical restriction set by her treating physician, and without a wage loss, is entitled to worker's compensation benefits when the employee is fired for cause. Thus, the sole issue to be decided by this appeal is whether claimant was entitled to workers' compensation indemnity benefits between the time she was terminated for cause, July 14, 2004, and the date she was found by her treating physician to have reached maximum medical improvement and had no permanent impairment, September 21, 2004.
The determination of whether an employee is entitled to workers' compensation benefits is based on the facts and circumstances of each case, taking into consideration that the laws governing workers' compensation must be construed liberally in favor of the employee. Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989). An appellate court cannot set aside the factual findings of the WCJ unless those findings are clearly wrong and the judge has committed manifest error. Lacaze v. Alliance Compressors, 03-1566 (La.App. 3 Cir. 4/14/04), 870 So.2d 1150.
*1199 If the appellate court finds that a WCJ has committed legal error, and there is a complete record, the appellate court is to conduct a de novo review. Grillette v. Alliance Compressors, 05-982 (La. 3 Cir. 2/1/06), 923 So.2d 774. Having found the trial court committed legal error by awarding benefits to claimant who was provided with a job that accommodated her work restrictions and was then terminated for cause, we will conduct a de novo review.
Claimant testified that when she returned to work after the accident, she worked inside in the office checking brake tag stickers for the cars. She was then placed outside and told to inspect the cars coming out of the car wash to be sure they were clean. She explained that this entailed sitting in a chair under an umbrella and occasionally getting up. Claimant was paid her pre-injury wage. Claimant testified that she engaged in a verbal altercation with her supervisor on July 14, 2004. On that date she was sitting outside by the car wash when Ms. Diane Howington, claimant's supervisor, approached and asked her to come inside to "do some paperwork that had backed up." Claimant testified that she attempted to explain that she did not want to go inside to do this work, but Ms. Howington was insistent that she do so. A verbal altercation ensued and claimant admits to cursing at Ms. Howington. Claimant was initially suspended for two days while defendant conducted an investigation into the incident. Written statements detailing the incident were written by claimant, Ms. Howington, as well as two other employees, and were admitted into evidence. These statements reiterate the incident wherein claimant yelled and used profanities directed at her supervisor, Ms. Howington. Claimant's records from the Department of Labor were introduced into evidence. These records indicate that claimant was aware that defendant had a policy "do not curse" and that she violated this policy. Claimant testified as follows regarding her firing by defendant:
Q. . . . why were you fired from Vanguard?
A. Why was I fired from Vanguard:
Q. Yes
A. Because I told Diane to kiss my behind. But I didn't tell her in that phrase.
Q. What phrase did you use?
A. I told her to kiss my ass.
Q. That was your supervisor, right?
A. Yes, it was.
Q. She was asking you to come inside to work indoors, right?
A. Correct.
Q. . . . Did she tell you to do any heavy lifting?
A. Do she  No, she didn't.
Q. Did she in any way tell you to violate your doctor's orders?
A. No.
The above testimony, in addition to the evidence submitted by defendant surrounding claimant's firing, make it clear that claimant was fired from Vanguard with cause for violating company policies against insubordination and using profanities. The firing was completely unrelated to claimant's injury and light duty status.
As the Third Circuit held in Palmer v. Alliance Compressors, 05-478 (La.App. 3 Cir. 11/2/05), 917 So.2d 510, and reiterated in Grillette, supra, an employer cannot avoid paying compensation benefits to an injured employee by creating a job that *1200 accommodates the injured employee's work restrictions and then firing the injured employee; nor can an injured employee refuse to accept suitable employment or violate company policy without the possibility of recourse by the employer. It would be contrary to public policy to force an employer to pay workers' compensation benefits to an employee who has been provided employment that meets his work restrictions and who is later fired for cause by blatantly violating his employer's policies.
For the foregoing reasons, the portions of the WJC judgment (1) ordering claimant is entitled to the payment of temporary total disability benefits from June 24, 2004 through September 28, 2004, (2) finding defendants to be arbitrary and capricious, and (3) awarding penalties and attorney's fees are reversed. All other portions of the judgment are affirmed. Each party is to bear its own costs of this appeal.
REVERSED IN PART; AFFIRMED IN PART.