MARC E. JOHNSON, Judge.
 

 12Defendant/AppeIlant, Roughneck Construction, L.L.C. (“Roughneck”), appeals the judgment denying its Exceptions of Prescription for the indemnity and medical claims of Plaintiff/Appellee, Jeffrey Alfortish (“Mr. Alfortish”), from the Office of Workers’ Compensation, District 7, Southern Division. For the following reasons, we affirm in part, reverse and vacate in part, and deny attorney’s fees.
 

 FACTS AND PROCEDURAL HISTORY
 

 According to the pleadings, on July 26, 2006, Mr. Alfortish suffered an injury to his cervical spine while working as a job foreman for Roughneck. While he was picking up a column filled with cement, Mr. Alfortish was injured and felt “a pop in his neck.” Mr. Alfortish testified that he knew immediately that something was wrong. Following the incident, Mr. Alfortish did not return to work and was “laid up for about four day.”
 

 |sMr. Alfortish reported the incident to Roughneck, which in turn denied his claim. Mr. Alfortish sought treatment with his primary care doctor, who instructed him to see a specialist concerning his neck injury. Mr. Alfortish did not return to work for Roughneck after July 2006.
 

 After leaving Roughneck, Mr. Alfortish accepted a position with Safari Car Wash (“Safari”) on August 14, 2006. During the application process, Mr. Alfortish informed the insurance claims administrator about his neck injury at his previous job. Mr. Alfortish was restricted to light duty at Safari due to the concerns about his neck.
 

 On January 15, 2008, Mr. Alfortish underwent a cervical fusion surgery while he was still employed by Safari. Blue Cross/ Blue Shield, the health insurance provider, paid for the medical treatment and surgery received by Mr. Alfortish. Mr. Al-fortish did not submit any medical bills or receipts to Roughneck because he was told by Roughneck that he claims would be denied.
 

 Mr. Alfortish filed Form 1008 (Petition for Workers’ Compensation Benefits) on November 19, 2007. Roughneck answered and pleaded prescription as to both the medical and indemnity claims. In addition, Roughneck maintained that any claim for medical benefits was extinguished pursuant to LSA-R.S. 23:1212 due to payment of the Mr. Alfortish’s benefits by Blue Cross/Blue Shield.
 

 The case was tried before the Office of Workers’ Compensation, District 7 on May 20, 2009 by the Honorable John Grout, Jr. The matter proceeded for consideration of Roughneck’s Exceptions of Prescription as to the indemnity and medical claims on the day of trial. The trial court denied Roughneck’s exceptions and determined that Mr. Alfortish’s indemnity claim fell within the “developing injury” exception. The trial court found that Mr. Alfortish was entitled to indemnity benefits for the time period he missed from work for his cervical Lsurgery. Additionally, the trial court de
 
 *1007
 
 termined that any claim for medical expenses was extinguished pursuant to LSA-R.S. 23:1212, as a result of Blue Cross’s payment of benefits. Roughneck filed the instant appeal for review of the denial of its Exceptions of Prescription.
 

 ASSIGNMENT OF ERRORS
 

 On appeal, Roughneck alleges that the trial court committed the following errors: 1) the trial court erred as a matter of law in denying Roughneck’s Exception of Prescription as to Mr. Alfortish’s claim for indemnity benefits, and 2) the trial court erred as a matter of law in denying Roughneck’s Exception of Prescription as to Mr. Alfortish’s claim for medical benefits.
 

 LAW AND ANALYSIS
 

 The determination of whether an employee is entitled to workers’ compensation benefits is based on the facts and circumstances of each case, taking into consideration that the laws governing workers’ compensation must be construed liberally in favor of the employee.
 
 Synigal v. Vanguard Car Rental,
 
 98-1199, p. 3 (La.App. 5 Cir. 1/30/07); 951 So.2d 1197, 1198;
 
 Daigle v. Sherwin-Williams Co.,
 
 545 So.2d 1005 (La.1989). An appellate court cannot set aside the factual findings of the workers’ compensation judge unless those findings are clearly wrong, and the judge has committed manifest error.
 
 Id.
 
 at 4, 951 So.2d at 1199;
 
 Grillette v. Alliance Compressors,
 
 05-982, p. 3 (La.App. 3 Cir. 2/1/06); 923 So.2d 774.
 

 Under the manifest error/clearly wrong standard, the appellate court may not merely decide if it would have found the facts of the case differently.
 
 Phipps v. Allstate Insurance Company,
 
 05-651, p. 4 (La.App. 5 Cir. 2/27/06); 924 So.2d 1081, 1084;
 
 Lewis v. State, DOTD,
 
 94-2370, p. 5 (La.4/21/95); 654 So.2d 311, 314. Rather, the appellate court must determine whether the trial court’s findings |Bare reasonable, even if the appellate court feels that its own evaluation of the evidence is more reasonable.
 
 Id.
 

 However, when legal error interdicts the fact-finding process in a workers’ compensation proceeding, the
 
 de novo
 
 standard of review applies, rather than the manifest error' standard.
 
 Dorion v. Gulf States Asphalt Co., L.P.,
 
 08-670, p. 6 (La. App. 5 Cir. 4/28/09); 14 So.3d 44, 48. The interpretation of statutes pertaining to workers’ compensation is a question of law and warrants a
 
 de novo
 
 review to determine if the ruling was legally correct.
 
 Id.,
 
 quoting
 
 MacFarlane v. Schneider Nat’l Bulk Carriers, Inc.,
 
 07-1386, p. 3 (La.App. 4 Cir. 4/30/08); 984 So.2d 185.
 

 Indemnity Benefits
 

 Roughneck alleges that the trial court erred in denying its Exception of Prescription as to Mr. Alfortish’s claim for indemnity benefits because the claim is prescribed on its face. Roughneck contends that the face of Form 1008 reveals that no benefits were paid for the fifteen (15) month period following the accident until the filing on November 19, 2007. Because no benefits were paid and the petition was filed over a year after the accident, Roughneck further contends that Mr. Alfortish’s claim is prescribed pursuant to LSA-R.S. 23:1209. Additionally, Roughneck contends that Mr. Alfortish, as evidenced by his own testimony, had sufficient knowledge of his condition and his inability to perform his duties at Roughneck in July of 2006, which would negate the claim that he had a “developing injury.” As a result, Roughneck avers that prescription began to run on Mr. Alfortish’s claim when he terminated his employment with Roughneck in August of 2006.
 

 
 *1008
 
 Louisiana Revised Statute 23:1209 provides the following concerning the timeliness of filing a workers’ compensation benefits claim:
 

 |fiA.(l) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
 

 * * *
 

 (3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases, the claim for payment shall be forever barred unless the proceedings have been begun within
 
 two years from the date of the accident.
 
 [Emphasis added.]
 

 The Louisiana Supreme Court has construed LSA-R.S. 23:1209(A)’s term “the time the injury develops” liberally in cases in which the worker attempts to continue worker until no longer able to perform his employment duties.
 
 Winford v. Conerly ' Corp.,
 
 04-1278, p. 6 (La.3/11/05); 897 So.2d 560, 564. The supreme court has also that an employee who suffers a work-related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one year from the development of the disability, rather than from the first appearance of symptoms or from the first date of treatment.
 
 Id.
 
 The “time the injury develops,” is generally understood as the date the disability develops, which is usually identified as the time when it becomes clear that the worker can no longer perform his or her employment duties in a satisfactory manner.
 
 Id.
 
 at 5-6, 897 So.2d at 564.
 

 The jurisprudence has generally identified two situations that signify the date a developing injury was found to be disabling for the purpose of prescription. Id. The first is the date of termination of employment.
 
 Id.; Scott v. Walmart Stores, Inc.,
 
 03-0104, p. 7 (La.App. 4 Cir. 7/2/03); 851 So.2d 1210. The second is the date of medical diagnosis where the diagnosis notifies a previously unaware injured employee of a disabling condition.
 
 Id.
 
 Alternatively, the date of diagnosis |7is helpful in determining the date an employee became disabled where the record does not indicate the date when the employee became unable to work.
 
 Id.; Holcomb v. Bossier City Police Dept.,
 
 00-000, p. 5 (La.App. 2 Cir. 8/25/95); 660 So.2d 199.
 

 In the instant case, the trial court noted at the trial that it was “impressed by the fact that Mr. Alfortish was applying for another job, which would tend to indicate a lack of disability.” The trial court took into account that Mr. Alfortish may have been leaving his employment with Roughneck because the job was ending. Since Mr. Alfortish had filled out an employment application to work for another employer, the trial court found that the employment application seemed to contradict any presumption of disability and determined that Mr. Alfortish’s injury had not fully developed at that point in time. Furthermore, although Roughneck argues that Mr. Al-fortish terminated his employment due to his neck injury, the trial court noted that no argument had been presented that the only reason Mr. Alfortish left his employment with Roughneck was because his injury was such that he could no longer perform the duties of his job.
 

 Because this issue hinges on a factual determination of whether Mr. Alfortish’s
 
 *1009
 
 neck problem was a “developing injury,” we are applying the manifest error standard of review. The trial court determined that Mr. Alfortish did not terminate his position with Roughneck solely because of his neck injury, and Mr. Alfortish’s disability had not yet developed in August of 2006. The trial court implicitly adopted Mr. Alfortish’s position that his disability did not develop until he was informed by Dr. Waguespack that he needed cervical surgery in August of 2007. Because the injury did not develop into a disability until August 2007, the filing of Form 1008 by Mr. Alfortish on November 19, 2007 was timely filed | ¿within one year from the time the injury developed and within two years from the date of the accident, pursuant to LSA-R.S. 23:1209(A)(3).
 

 When viewed with the evidence presented at trial, we find that the trial court’s factual findings ai’e reasonable and do not find that the trial court was clearly wrong. Accordingly, we do not find that the trial court erred in denying Rouchneck’s Exception of Prescription as to Mr. Alfortish’s indemnity benefits.
 

 Medical Claims
 

 Roughneck alleges that the trial court erred in denying its Exception of Prescription for Mr. Alfortish’s medical claims because Roughneck did not authorize any medical treatment for Mr. Alfortish. Because Roughneck avers that Mr. Alfortish’s Form 1008 was prescribed on its face and no medical payment was ever paid, Roughneck alleges that there was no interruption of the LSA-R.S. 23:1209(C) prescription period.
 

 Louisiana Revised Statute 23:1209(0) provides the following:
 

 All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
 

 In its Judgment, the trial court did not award past medical expense reimbursement; however, the trial court granted Mr. Alfortish’s right to request medical reimbursement from Roughneck when he presented proper documentation in support of such medical reimbursement. The trial court mentioned that Mr. Alfortish did not have sufficient information or documentation at trial to support the exact amount of past out-of-pocket medical expenses that he had paid for medical treatment since the time of the accident. The trial court further found that | aMr. Alfortish lacked standing and had no right of action against Roughneck to seek payment or reimbursement of any medical expenses that may have been paid by Blue Cross/ Blue Shield for any past medical treatment for conditions related to his job related injury to his neck.
 

 From the face of Mr. Alfortish’s Form 1008, the claim for medical expenses reimbursement is prescribed. The accident occurred on July 26, 2006; however, Mr. Alfortish did not file his Form 1008 until November 19, 2007. When prescription is evident from the face of the pleadings, the claimant bears the burden of showing that the action has not prescribed.
 
 Frazier v. Deltide Fishing and Rental Too, Inc.,
 
 03-53, p. 5 (La.App. 5 Cir. 5/28/03); 848 So.2d 143,146. Unlike LSA-R.S. 23:1209(A)(3), LSA-R.S. 23:1209(0 does not provide an exception to prescription due to a developing injury. Mr. Al-
 
 *1010
 
 fortish did not provide any proof to the trial court of any medical claims submitted to Roughneck that would interrupt prescription. At the trial, Mr. Alfortish did not submit sufficient evidence to prove his medical expenses incurred from his neck injury.
 

 As a result, we find that the trial court erred in denying Roughneck’s Exception of Prescription for Mr. Alfortish’s claim for medical benefits because it was prescribed on its face. Therefore, we reverse the trial court’s denial of Roughneck’s Exception of Prescription for Mr. Alfortish’s claim for medical benefits and vacate the trial court’s judgment granting Mr. Alfortish the right to request medical reimbursement from Roughneck for his neck injury.
 

 Attorney’s Fees
 

 In his brief in opposition to the appeal, Mr. Alfortish requests an award of $2,000.00 for attorney’s fees pursuant to LSA-R.S. 23:1201(F). Mr. Alfortish did not properly request a modification to the trial court’s judgment, according to |inLSA-C.C.P. art. 2138. Because Mr. Al-fortish did not properly request the attorney’s fees in an answer to the appeal, we deny his request.
 

 DECREE
 

 For the foregoing reasons, we affirm the trial court’s denial of Roughneck’s Exception of Prescription for Mr. Alfortish’s indemnity claims. Additionally, we reverse the trial court’s denial of Roughneck’s Exception of Prescription for Mr. Alfortish’s medical claims and vacate the trial court’s granting of the right to request medical reimbursement. Furthermore, we deny Mr. Alfortish’s request for attorney’s fees. The costs of this appeal are to be divided equally between the parties.
 

 AFFIRMED IN PART; REVERSED AND VACATED IN PART; AND, ATTORNEY’S FEES DENIED.