MARC E. JOHNSON, Judge.
li>The basis of this appeal arises from the denial of a Motion to Enforce Judgment against Appellant/Plaintiff, Daniel Guadalupe Moreno, and in favor of Appellee/De-fendant, Travelers Indemnity Company (“Travelers”), from the Officer of Workers’ Compensation, District “7”. For the following reasons, we affirm.
*688 According to the pleadings, Appellant was an employee of Landaverde Construction, L.L.C. (“Landaverde”), which was based in New Hampshire. Travelers issued a workers’ compensation insurance policy to Landaverde in the State of New Hampshire only. Following Hurricane Katrina, Landaverde, including Appellant, temporarily moved to the New Orleans area to work as a subcontractor for Stewart Interior Contractors, L.L.C. (“Stewart”).
On January 5, 2006, Appellant was injured in an accident while working at a Walgreens store in Metairie, Louisiana. Travelers denied Appellant’s workers’ compensation claim. Thereafter, Appellant filed his workers’ compensation claim |swith the Office of Workers’ Compensation in Louisiana.
During a conference with the trial court on November 12, 2008, and with the consent of counsel for Appellant, Travelers and Stewart each agreed to pay 50% of Appellant’s claim for weekly indemnity until such time a final judgment would be rendered. This Consent Judgment was signed by the trial court on December 5, 2008.
After a trial on the merits, the trial court rendered a judgment on April 13, 2009, in favor of Appellant, which awarded, among other things, payments for weekly indemnity benefits. On April 24, 2009, Travelers filed a Motion to Clarify the Judgment. After a conference with the trial court on May 21, 2009, the parties entered into a Consent Judgment on June 12, 2009. The Consent Judgment resolved issues raised in the Motion to Clarify. The Consent Judgment was signed by the trial court on the same date.
On June 26, 2009, Appellant filed a Motion to Enforce Judgment for unsatisfied portions of the judgment rendered by the trial court on April 13, 2009. A hearing on the motion was held on August 6, 2009, and the matter was taken under advisement. The Motion to Enforce Judgment was denied on October 8, 2009. Appellant filed a Motion for New Trial on October 20, 2009, which was denied on January 11, 2010. The instant appeal followed.
On appeal, Appellant alleges the trial court committed manifest error in finding that its judgment of April 13, 2009, had been fully and timely satisfied in accordance with LSA-R.S. 23:1201(G), and thus, denying Appellant’s Motion to Enforce Judgment.
Appellant argues Travelers did not fully comply with the trial court’s April 13, 2009, judgment on the merits of the case within thirty days of it becoming a final, nonap-pealable judgment. No request for a rehearing was timely filed, all |4appellate delays had run, no proper appeal of the judgment was lodged, and no writ applications were filed. As such, Appellant contends he did not receive the balance of the unpaid indemnity benefits ($29,283.00) awarded pursuant to the judgment on the merits until July 10, 2009, which was eighty-eight (88) days after the trial court’s judgment on the merits became a final, nonappealable judgment. Because the unpaid indemnity benefits were not paid until July 10, 2009, Appellant avers the trial court erred in not granting his Motion to Enforce Judgment, and he is entitled to the assessment of penalties under LSA-R.S. 23.T20KG).
Under the manifest error/clearly wrong standard, the appellate court may not merely decide if it would have found the facts of the case differently. Alfortish v. Roughneck Construction, LLC, 09-870, p. 4-5 (La.App. 5 Cir. 5/11/10); 40 So.3d 1004, 1007. However, when legal error interdicts the fact-finding process in a workers’ compensation proceeding, the de novo standard of review applies, rather than the manifest error standard. Id. The interpretation of statutes pertaining to *689 workers’ compensation is a question of law and warrants a de novo review to determine if the ruling was legally correct. Id.
LSA-R.S. 23:1201(G) provides,
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate. (Emphasis added).
Because the issue at hand involves the interpretation of when the unpaid indemnity payments from Travelers became due, we will conduct a de novo |sreview.
The judgment by the trial court awarding indemnity payments was rendered on April 13, 2009. On June 12, 2009, the April 18, 2009, judgment became a final, nonappealable judgment because sixty (60) days had lapsed since the judgment was rendered without any interruptions or suspensions.[1] Travelers had thirty (30) days from June 12, 2009, to submit any unpaid indemnity benefits to Appellant without any penalties being assessed pursuant to LSA-R.S. 23:1201(G). Travelers tendered a lump sum payment of the remaining unpaid indemnity benefits to Appellant on July 10, 2009, which was within the thirty-day time delay. Accordingly, we find Travelers complied with the trial court’s judgment and is not legally sanctionable under LSA-R.S. 23:1201(G).
DECREE
After de novo review, we find the trial court was correct in denying Appellant’s Motion to Enforce Judgment. Appellant is to bear the costs of this appeal.
AFFIRMED.

. In Silk v. Silk, 2,864, p. 5 (La.App. 2 Cir. 9/24/97), 699 So.2d 1175, 1178, the Louisiana Second Circuit held, “[o]n the face of § 1201(G), however, the term nonappealable is not ambiguous, nor is it qualified by reference to which party has or has not sought what type of appeal. In the present context, it is reasonable to construe the term nonap-pealable to. mean either that the judgment has not been timely appealed by any party, or that an appeal, either suspensive or devolutive, has been taken and the rights of the parties have been conclusively determined by the reviewing court or courts.”