STEPHEN J. WINDHORST, Judge.
| ^Appellant, Schwanda Richard, appeals the workers’ compensation judgment denying supplemental earning benefits after January 12, 2012.[1] Touro Infirmary and HSLI (“Touro”) filed an Answer, appealing the calculation of supplemental earnings benefits, penalties and attorney’s fees. For the following reasons, we reverse in part, and affirm in part.

FACTS AND PROCEDURAL HISTORY

There was no live testimony in this case. The parties stipulated to the facts as follows.
Ms. Richard was employed full-time as a cook at Touro. On February 9, 2010, while in the course and scope of employment at Touro, Ms. Richard tripped over a low railing and fell to the floor on her left side. As a result, she sustained injuries to her left shoulder and left elbow. Ms. Richard was treated by Dr. Kevin Watson, an orthopedist, after the accident. She was diagnosed with a radial fracture to the left elbow and a partial thickness tear of the left rotator cuff. Ms. Richard underwent surgery to her left shoulder, several manipulations under anesthesia, physical therapy, injections, and she received prescription medications. Dr. Watson subsequently released her to return to work on April 7, 2011, with a |,^permanent restriction of no overhead lifting. As a result of the accident, Ms. Richard has a permanent restriction of no overhead lifting that resulted in her inability to earn 90% or more of her pre-average weekly wage. Vocational rehabilitation was performed by Touro that established an earning capacity *620 of $9.49 an hour for a 40 hour week for an amount of $379.60 per week effective November 1, 2011.
Touro started paying temporary total disability benefits to Ms. Richard on February 17, 2010, at the rate of $360.96 per week. At the time of the accident, Ms. Richard’s average weekly wage was $553.90. During her period of temporary disability, Ms. Richard was released from her employment with Touro. In October 2010, Touro increased Ms. Richard’s temporary total disability benefits to $369.29 per week and issued a back due payment of $291.55 for miscalculation of temporary total disability benefits. At the same time, Touro issued the initial week of injury waiting period check in the amount of $369.29 to Ms. Richard. When Ms. Richard was released by Dr. Watson to return to work, Touro paid Ms. Richard supplemental earnings benefits from May 2011 through October 2011. On October 27, 2011, Touro modified the amount of supplemental earnings benefits owed to Ms. Richard based on the lowest average wage rate from vocational rehabilitation. Touro offered Ms. Richard a modified version of her pre-injury position to accommodate her permanent restriction. Ms. Richard accepted and started back to work at Tou-ro in the modified position on January 16, 2012, and continues to work in that capacity. Touro increased Ms. Richard’s wages post-accident to her pre-accident wages with Touro subsequent to January 16, 2012.
At the time of her accident, Ms. Richard was also working a full-time, 32 hour job at Xavier University (“Xavier”) as a cook in the cafeteria. The job duties at Xavier were similar to Ms. Richard’s pre-injury job duties at Touro which | included significant overhead lifting. Ms. Richard’s average weekly wage at Xavier was $368.00. She was released from her employment at Xavier during her period of temporary disability. Ms. Richard attempted to return to work at Xavier after she was released by Dr. Watson but was informed that Xavier did not have a job that would accommodate her restriction.
Ms. Richard filed her disputed claim on November 4, 2011, and a supplemental disputed claim on April 18, 2012. Ms. Richard requested supplemental earnings benefits from the date her supplemental earnings benefits were modified (November 2011) until the date she began the modified position with Touro on January 15, 2012. Additionally, Ms. Richard requested supplemental earnings benefits subsequent to January 16, 2012, when she began her modified position with Touro, to the present date.
On July 17, 2012, the workers’ compensation judge issued judgment granting Ms. Richard supplemental earnings benefits in the amount of $1,567.43 per month for the months of November 2011, December 2011, and January 2012, for a total of $4,702.29, subject to a credit in the amount of $1,255.91 in favor of Touro. Ms. Richard’s claim for supplemental earnings benefits subsequent to January 16, 2012 was denied. Touro was ordered to pay penalties and was assessed attorney’s fees for miscalculation of temporary total disability benefits and supplemental earnings benefits, untimely payment of the initial waiting period check and the untimely payment of prescription medication. Ms. Richard’s claim for penalties and attorney’s fees for failure to approve physical therapy was denied.
This appeal by Ms. Richard and Touro followed. Ms. Richard appeals the judgment claiming that the workers’ compensation judge erred in failing to award her supplemental earnings benefits subsequent to January 2012 by incorrectly combining post-accident earning capacity and actual *621 wages earned. Touro appeals |ñclaiming that the workers’ compensation judge erred in her calculations by including two full-time jobs and awarding penalties and attorney’s fees.

STANDARD OF REVIEW

The determination of whether an employee is entitled to workers’ compensation benefits is based on the facts and circumstances of each proceeding, taking into consideration that the laws governing workers’ compensation must be construed liberally in favor of the employee. Alfortish v. Roughneck Construction, LLC, 09-870 (La.App.5 Cir.5/11/10), 40 So.3d 1004, 1007. An appellate court cannot set aside the factual findings of the workers’ compensation judge unless those factual findings are clearly wrong, and the judge has committed manifest error. Id. The appellate court may not merely decide if it would have found the facts of the case differently. Id. The appellate court must determine whether the trial judge’s findings are reasonable, even if the appellate court feels that its own evaluation of the evidence is more reasonable. Id.

DISCUSSION

Ms. Richard claims that she is entitled to supplemental earnings benefits from November 2011 to January 2012. Additionally, Ms. Richard claims she is entitled to supplemental earnings benefits from January 2012 to present due to her inability to return to her second full-time job, even though she returned to work at Tou-ro earning her pre-injury wages. Touro contends that the workers’ compensation judge erred by including the second full-time employment in its calculation of benefits. Touro also challenges the awards of penalties and attorney’s fees.
The purpose of supplemental earnings benefits is to compensate an injured employee for the wage earning capacity he has lost as a result of his accident. Poissenot v. St. Bernard, 09-2793 (La.1/9/11), 56 So.3d 170, 174, citing Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556. If an employee sustains a work-related injury that results in an inability to earn ninety percent (90%) or more of his average pre-injury wage, then the employee is entitled to receive supplemental earnings benefits. La. R.S. 23:1221(3)(a)(i).
Initially, the employee bears the burden of proving by a preponderance of the evidence that the injury caused his inability to earn ninety percent (90%) or more of his average pre-injury wage. Clay v. Our Lady of Lourdes Regional Medical Center, Inc., 11-1897 (La.5/8/12), 93 So.3d 536, 539, citing Poissenot, 56 So.3d at 174; Banks, 696 So.2d at 556. Once an employee meets this burden, the burden shifts to the employer who, in order to defeat the employee’s claim for supplemental earnings benefits, must prove by a preponderance of evidence that the employee is physically able to perform a certain job, and that the job was offered to the employee or was available to the employee in his or the employer’s community or reasonable geographic region. Id.; La. R.S. 23:1221(3)(c)(i); Poissenot, 56 So.3d at 174; Banks, 696 So.2d at 551. If the employer meets this burden, then the employee must establish by clear and convincing evidence that he is unable to engage in any employment. La. R.S. 23:1221(3)(c)(ii); Barton v. Wausau Insurance Company, 545 So.2d 1248, 1252 (La.App. 2 Cir.1989).
Here, Ms. Richard sustained a work-related injury with a permanent restriction of no overhead lifting during her full-time employment with Touro. As a result, she was unable to earn ninety percent (90%) or more of her pre-injury average weekly wage after the period of time *622 when Touro modified her current supplemental earnings benefits amount (October 27, 2011), until she started her modified position with Touro on January 16, 2012. Thus, Ms. Richard satisfied her initial burden of entitlement of supplemental earnings, benefits for November 172011 to January 15, 2012 when she was not working. The burden then shifted to Touro to establish that Ms. Richard was physically able to perform a certain job, and that the job was offered to her or was available in a reasonable geographic region.
At trial, Touro submitted the vocational rehabilitation case management records of Younger & Associates prepared by Jeannie Lillis, who performed an initial interview and assessment of Ms. Richard on April 1, 2011. In August 2011, Ms. Richard was sent a list of available jobs based on her interests and skills determined by the vocational testing and considering her permanent restriction. Ms. Lillis scheduled a conference with Ms. Richard’s treating physician, Dr. Kevin Watson, and Ms. Richard was invited to participate, but failed to attend. At the conference, Dr. Watson was provided with an updated proposed list of available jobs. He signed and approved all available jobs for Ms. Richard’s pursuit. On October 26, 2011, Ms. Lillis sent Ms. Richard a copy of the jobs approved by Dr. Watson.
The stipulated evidence presented on Ms. Richard’s entitlement to benefits is limited. Ms. Richard did not contest the geographical region or availability of the jobs sent to her by Ms. Lillis. The available jobs approved by Dr. Watson were sedentary or desk-type jobs which did not conflict with her permanent restriction of no overhead lifting. The available jobs stated the position, location, wage, hours, and description of the job. Touro therefore showed by a preponderance of that evidence that reasonably available jobs in Ms. Richard’s geographic region were offered. The burden then shifted back to Ms. Richard to show by clear and convincing evidence that she was unable to engage in any employment.
In her reasons for judgment, with which we agree, the workers’ compensation judge clearly stated, “Ms. Richard offered no evidence that these [¿jobs were unavailable or did not fit her physical limitations.” Yet the workers’ compensation judge inexplicably went on to calculate and award supplemental earnings benefits. Since the workers’ compensation judge found, as we do, that Ms. Richard offered no evidence (or stipulation) to meet the clear and convincing burden of proof that she was unable to engage in any employment during the time period of November 2011 through January 2012, she is not entitled to supplemental earnings benefits for this time period. Further, in the absence of any evidence or stipulated fact to support her burden, any inference of fact to the contrary would be clearly and manifestly erroneous.
Considering the stipulated facts, the workers’ compensation judge’s award of supplemental earnings benefits for November 2011 through January 2012 was unreasonable and manifestly erroneous. Accordingly, we reverse that part of the judgment that awarded Ms. Richard supplemental earnings benefits for November 2011 through January 2012. We therefore need not address Touro’s issue of whether the trial court erred in calculating those benefits.
Regarding the claim for supplemental earnings benefits from January 16, 2012 to the present, Ms. Richard argues that although Touro established the reasonable availability of jobs through vocational rehabilitation, it was not sufficient. If Ms. Richard had obtained one of the jobs found through vocational rehabilitation, she *623 would not have been able to return to Touro in January due to conflicts with the hourly requirements of both jobs. Ms. Richard argues that Touro has the burden to show available jobs and hours that do not conflict with her modified job at Touro effective January 16, 2012. Ms. Richard argues that she did attempt to return to work at Xavier where her hours would not conflict with Touro’s, but her permanent restriction could not be accommodated and she was not rehired by Xavier.
|9The workers’ compensation judge relied on Phillips v. United Parcel Service, 28,110 (La.App. 2 Cir. 2/28/96), 669 So.2d 1375, to calculate and award supplemental earnings benefits; however, Phillips is factually and legally distinguishable from the present case. In Phillips, the claimant was injured while working at his part-time job with UPS, but was able to maintain working at his full-time job at a bank. Id. When an employee is injured during his part-time employment and incurs a loss in a successive part-time or full-time employment, then the wages of the second job (up to the forty-hour maximum) must “either be included in, or excluded from, both portions of the pre- and post-accident wage comparison.” Id. at 1377-1379. Here, Ms. Richard was injured while employed at her full-time job with Touro. She is not entitled to any calculation based on her second full-time job with Xavier. See Guillory v. Interstate Hotels & Resorts, 05-650 (La.App. 3 Cir. 12/30/05), 918 So.2d 550.
Ms. Richard failed to establish that she was unable to earn ninety percent (90%) or more of her average pre-injury wage. The record shows that Ms. Richard returned to her actual wages with Touro on January 16, 2012. We find that the workers’ compensation judge was not manifestly erroneous in denying supplemental earnings benefits for the period of time subsequent to January 16, 2012.
Touro appeals arguing that the workers’ compensation court erred in awarding penalties and attorney’s fees for its failure to properly calculate Ms. Richard’s temporary total disability benefits, untimely payment of the initial waiting period check, and untimely payment of prescription medication.
La. R.S. 23:1201(F) imposes a penalty for “failure to provide payment.” Penalties will not be imposed if they are “reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no |incontrol.” Id. The determination of whether an employer or insurer should be cast with penalties and attorney’s fees is a question of fact. Factual findings are subject to the manifest error or clearly wrong standard of review. Authement v. Shappert Engineering, 02-1631 (La.2/25/03), 840 So.2d 1181, 1188-1189; Redder v. Giorlando’s Restaurant Corporation, 07-658 (La.App. 5 Cir. 2/6/08), 979 So.2d 512, 516.
A review of the record reveals that Touro failed to pay Ms. Richard the correct amount of temporary total disability benefits from February 2010 to October 2010 and failed to timely pay Ms. Richard’s initial waiting period check. Touro argues that because its new adjustor found the errors and immediately corrected them without demand from Ms. Richard, it was not subject to imposition of penalties and attorney’s fees. Generally, penalties are not imposed for simple miscalculations of benefits, but penalties and attorney’s fees have been imposed where the insurer gathers incomplete data in preparing the claim. Stegall v. J. & J Exterminating, 94-1279 (La.App. 3 Cir. 3/1/95), 651 So.2d 400, 403. Here, upon receiving Ms. Richard’s claims file, Touro’s second adjustor immediately noticed the error in calculation and that Ms. Richard never received *624 her initial waiting period check. Touro’s first adjustor clearly gathered incomplete data in preparing the claim. Touro failed to offer evidence that the discrepancy was beyond its control or that Ms. Richard’s right to those benefits was reasonably controverted. The workers’ compensation judge was not manifestly erroneous in awarding Ms. Richard penalties in the amount $2,000.00 for Touro’s failure to pay the correct amount of temporary total disability benefits and awarding $2,000.00 for Touro’s failure to timely pay the initial waiting period check. The workers’ compensation judge’s award of attorney’s fees in the amount of $250.00 for each penalty, for a Intotal of $500.00, is reasonable and not manifestly erroneous. We therefore affirm the award of penalties and attorney’s fees for each of these violations.
Because we find that Ms. Richard did not prove entitlement to supplemental earnings benefits from November 2011 to January 2012 and from the period of time subsequent to January 16, 2012, we find the workers’ compensation judge’s award of a $2,000.00 penalty for miscalculation of pre-injury average monthly wages and award of attorney’s fees in the amount $2,000.00 was manifestly erroneous. Accordingly, we reverse that portion of the judgment awarding this penalty and attorney’s fee to Ms. Richard for miscalculation of pre-injury average monthly wages.
La. R.S. 23:1201(E) provides that medical benefits shall be paid within sixty days after the employer or insurer receives written notice. The facts established that Touro paid two invoices from its Third Party Pharmaceutical Provider, ExpressScripts, more than sixty days after Touro received the invoices. However, there are no facts in evidence that Ms. Richard did not receive her medications timely or that she was required to pay for those medications at the time she received them. The workers’ compensation judge was manifestly erroneous in assessing a $2,000.00 penalty and attorney’s fee of $250.00 against Touro for failing to pay the two invoices. We therefore reverse this portion of the judgment awarding this penalty and attorney’s fee to Ms. Richard for failing to timely pay medical benefits within sixty days.

CONCLUSION:

For the above stated reasons, we reverse that portion of the judgment which awarded Ms. Richard supplemental earnings benefits for November 2011 to January 2012; penalties and attorney’s fees in the amount of $4,000.00 for miscalculation of pre-injury average monthly wages; and untimely payment of | ^prescription medications in the amount of $2,250.00. We affirm that portion of the judgment that denied supplemental earnings benefits for the time period after January 16, 2012, and penalties in the amount of $4,000.00 for miscalculation of temporary total disability benefits and untimely payment of the initial waiting period check, and attorney’s fees of $500.00 for these penalties. Costs are assessed equally between the parties.
REVERSED IN PART, AND AFFIRMED IN PART

. Ms. Richard’s original appeal alleged assignments of error related to the denial of physical therapy and the amount of penalties and attorney’s fees assessed. Ms. Richard, in her brief to the court, withdrew those claims from the appeal.