FREDERICKA HOMBERG WICKER, Judge.
12Plaintiff/appellant, Jane Butler, on behalf of her deceased husband, Robert Butler, appeals the judgment of the Office of Workers’ Compensation granting a peremptory exception of prescription in favor of defendant/appellee, Jefferson Parish Fire Department, and dismissing plaintiff’s claim for death benefit compensation. For the reasons fully discussed herein, we vacate the judgment of the Office of Workers’ Compensation and remand the matter for further proceedings consistent with this opinion.

Factual and Procedural History

Robert Butler, a retired firefighter with the Jefferson Parish Fire Department, passed away on May 5, 2013. On January 7, 2015, plaintiff filed a “disputed claim for compensation” with the Office of Workers’ Compensation (hereinafter, “OWC”) seeking death benefits pursuant to La. R.S. 23:1231.[1] In her disputed [¡¡claim, plaintiff alleged that her husband suffered from chest pain on July 5, 2004, which was treated by a stent in his right coronary artery, and that he suffered from an acute myocardial infarction on May ■ 5, 2013. Plaintiff also attached a statement to her disputed claim wherein she alleged that, on September 23,- 2004, Mr. Butler filed a claim for compensation for which the OWC awarded him disability benefits, pursuant to La. R.S. 33:2581, the Heart and Lung Act, and he was receiving disability benefits at the time of his death.[2] Plaintiff further alleged that in October 2014 the coroner amended Mr. Butler’s death certificate to reflect that his death was caused by a myocardial infarction.
On February 23, 2015, defendant filed a peremptory exception of prescription, arguing that plaintiffs claim, filed more than one year after the date of her husband’s death, was prescribed on its face under the prescriptive periods provided by both La. R.S. 23:1209 and La. R.S. 23:1231. On March 30, 2015, plaintiff filed an opposition to defendant’s, exception. In her opposition, plaintiff argued that the prescriptive period commenced on the date that she had “reasonable grounds to believe that the death resulted from an occupational disease,” pursuant to La. R.S. 23:1031.1(F). Plaintiff asserted that the original death certificate, issued by the coroner on December 7, 2013, listed Mr. Butler’s cause of death as “unspecified natural causes,” and that plaintiff did not have reasonable grounds to believe that her husband’s death resulted from an occupational disease until she received an amended death certificate on December 11, 2014, which reflected that Mr. Butler’s cause of death was “acute myocardial infarction.” Therefore, plaintiff argued, the prescriptive period commenced on December 11, 2014, and plaintiffs claim, filed on January 7, 2015, was filed within the one year prescriptive period provided by La. R.S. 23:1031.1(F). In|4support of her opposition, plaintiff attached an affidavit attesting to those facts set forth in her opposi *1234 tion memorandum and the amended death certificate, reflecting the cause of Mr. Butler’s death as “acute myocardial infarction” and an issuance date of December 11, 2014.
On April 13, 2015, defendant filed a reply memorandum in support of the peremptory exception of prescription, arguing that the prescriptive period provided by La. R.S. 23:1209, rather than La. R.S. 23:1031.1(F), was applicable to the instant case.' Unlike La. R.S. 23:1031.1(F), La. R.S. 23:1209 provides a one year prescriptive period for filing a formal claim in cases of personal injury which commences from the date of the accident or death of the beneficiary, without qualification. Accordingly, defendant argued that plaintiffs claim was prescribed because it was filed more than one year after Mr. Butler’s death. Defendant further argued that, in the event the “reasonable grounds” provision of La. R.S. 23:1031.1(F) applied, plaintiff had not asserted sufficient facts and evidence to justify the delay in filing her disputed claim. Specifically, defendant pointed to the absence of the original death certificate in the attachments to plaintiffs opposition and to Mr. Butler’s long history, of heart disease as evidence that plaintiff had reasonable grounds to believe that her husband’s death resulted from an occupational disease more than a year prior to filing her claim for compensation.
On April 17, 2015,: in response to. defendant’s reply memorandum, plaintiff filed a sur-reply to which she attached a copy of Mr. Butler’s original ■ death certificate which listed Mr. Butler’s cause of death as “unspecified natural causes.”
The parties submitted the case for decision on their respective briefs, and OWC Judge Sheral C. Keller rendered an oral judgment on August 7, 2015, which was subsequently reduced to writing and signed on August 18, 2015. Judge Keller granted defendant’s exception and dismissed plaintiffs claim with prejudice, | ¿finding that the prescriptive period provided by La. R.S. 23:1209 was applicable and therefore plaintiffs claim had ’prescribed one year from the date of her husband’s death. Plaintiffs timely appeal followed.

Discussion and Analysis

In her single assignment of error, plaintiff argues that the workers’ compensation judge erroneously applied the prescriptive period provided by La. R.S. 23:1209, rather than -the prescriptive period provided by La. R.S. 23:1031.1(F), in granting defendant’s peremptory exception of prescription. In response, defendant argues that the OWC judge’s application of La. R.S. 23:1209 was correct, and that, even assuming the-prescriptive period provided by La. R.S. 23:1031.1(F) is applicable, plaintiffs claim is prescribed, because it is not reasonable to believe that plaintiff did not know that her husband’s death. resulted from an occupational disease.until,she received the amended death certificate.[3]
*1235 The determination of whether a claimant is entitled to workers’ compensation benefits is based on the facts and circumstances of each case, taking into consideration that the laws governing workers’ compensation must be construed liberally in favor of the employee. Synigal v. Vanguard Car Rental, 06-761 (La.App. 5 Cir. 1/30/07), 951 So.2d 1197, 1198. An appellate court cannot set aside the factual findings of the workers’ compensation judge unless those findings are clearly wrong, and the judge has committed manifest error. Id. at 1199; Grillette v. Alliance Compressors, 05-982 (La.App, 3 Cir. 2/1/06), 923 So.2d 774.
| ^However, when legal error interdicts the fact-finding process in a workers’ compensation proceeding, the de novo standard of review applies, rather than the manifest error standard. Dorion v. Gulf States Asphalt Co., L.P., 08-670 (La.App. 5 Cir. 4/28/09), 14 So.3d 44, 48. The interpretation of statutes pertaining to workers’ compensation is a question of law and warrants a de novo review to determine if the ruling was legally correct. Id.
Under La. R.S. 33:2581 (hereinafter, “the Heart and Lung Act”), there is a legal presumption that heart disease is an occupational disease for firefighters; The Heart and Lung Act provides:
Any disease or infirmity of the heart or lungs which develops during a' period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, pri-ma facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have .resulted- from the nature of the work performed whenever same is manifested at any time after the first five years of employment. , .
In her written judgment, the OWC judge reasoned that the Heart and Lung Act expressly subjects claims thereunder to the Workers’ Compensation Act, emphasizing the portion of the Heart and Lung Act which provides that, “the employee affected, or his survivors, shall be entitled to all the rights and benefits as granted by the laws' of the State of Louisiana to which one suffering an occupational disease is entitled.” Therefore, the OWC judge concluded that the claims were “subject to the formal filing' requirement of [La. R.S. 23:1209(A) ■].”
While the Heart and Lung Act is subject to the generally applicable statutes of the Workers’ Compensation Act, a more"' specific statute, La. R.S. '23:1031.1 (hereinafter, “the’ Occupational Disease statute”), provides the formal filing ^requirements for workers’ compensation claims arising from an occupational disease. Although not specifically incorporated into the Louisiana Workers’ Compensation Act, this statute and its provision of a service-related occupational injury'is applicable to'workers’ compensation cases. Johnson v. City of Lake Charles, 04-0455 (La.App. 3 Cir. 09/29/04), 883 So.2d 521, 524; Coats v. City of Bossier City, 31,164 (La.App. 2 Cir. 10/30/98), 720 So.2d 1283, writ denied, 99-0019 (La.2/12/99), 738 So.2d 581. Subsection (A) of the Occupational Disease statute provides that the dependent of an employee whose death-, is caused by an occupational disease is‘entitled to the compensation provided in the Workers’ *1236 Compensation Act “the same as if said employee received personal injury by accident arising out of and in the course of his employment.” La. R.S. 23:1031.1. Therefore, claims brought under the Heart and Lung Act, which are classified as occupational diseases, are also subject to the occupational disease statute.
Accordingly, our task is to determine which of the two competing statutes, regarding the formal filing of claims under the Workers’ Compensation Act, governs in the instant case.
La. R.S. 23:1209(A)(1) provides:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
Regarding the prescriptive period applicable to claims for a death arising from an occupational disease, La. R.S. 23:1031.1(F) provides:
All claims for death. arising from an occupational disease are barred unless the dependent or dependents as set out herein file a claim as provided in this Chapter within one year of the date of death of such employee or within one year of the date the claimant has reasonable grounds to believe that the death resulted from an occupational disease.
[sThus, unlike the prescriptive period, set forth in La. R.S. 23:1209(A), under which the prescriptive period commences at the date of death, the prescriptive period for filing claims for death arising from an occupational disease may not commence at the date of death if the claimant does not have reasonable grounds to believe that the death resulted from an occupational disease until some later date;
Pursuant to the general rules of statutory construction, “where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically, directed to the matter at issue must prevail ás an exception the statute more general in character.” Wimberly v. Brown, 07-559 (La.App. 5 Cir. 11/27/07), 973 So.2d 75, 78 (quoting City of Pineville v. American Federation of State, County, and Mun. Employees, AFL-CIO, Local 3352, 00-1983 (La.6/29/01), 791 So.2d 609, 612).
The prescriptive period set forth in the generally applicable prescription statute of the Workers’ Compensation Act expressly applies to cases of “personal injury, including' death resulting therefrom.” La. R.S. 23:1209(A)(1). The Workers’ Compensation Act defines “personal injury” as “injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom.” La. R.S. 23:1021(8)(a). The prescriptive period set forth in the Occupational Disease statute expressly applies to “all claims for death arising from an occupational disease.” La. R.S. 23:1031.1(F). La. R.S. 23:1031.1(B) defines “occupational disease” as “only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease.” Moreover, the Heart and Lung Act expressly classifies heart disease which ^develops during a period of employment in the classified fire service in the state of Louisiana as an .occupational disease. La. R.S. 33:2581.
Because the two prescriptive periods set forth in these statutes establish disparate points at which the prescriptive period *1237 commenced-'in this case, harmonizing the two statutes is not possible. Therefore, the prescriptive period more specifically directed to the matter at issue must prevail over the more general. Here, the Occupational Disease statute is expressly directed to the heart ’disease at issue in this case. Consequently, the prescriptive period set forth in the Occupational Disease statute is applicable to this case.[4]
Accordingly, we find that the OWC judge erred in finding that La. R.S, 23:1209(A), rather than La. R.S. 23:1031.1(F), was applicable to plaintiffs disputed claim.
Despite our finding that the OWC judge erroneously applied La. R.S..23:1209(A). to defendant’s exception of prescription, we cannot determine, based on our de novo review of the record, whether or not the ultimate outcome of the judgment was correct under the applicable prescriptive period set forth by La. R.S. 23:1031.1(F),
It is undisputed that plaintiff filed her claim more than one year after Mr. Butler’s death, but it is unclear at what daté plaintiff had. “reasonable grounds to believe that the death resulted from an occupational disease,” which would trigger the commencement of the prescriptive period under La. R.S. 23:1031.1(F). In defendant’s reply memorandum to plaintiffs opposition to the exception of prescription, defendant argued that, even if the prescriptive period provided by the | ^Occupational Disease statute was applicable, the disputed claim had prescribed, because, more than one year prior to the date that plaintiff filed her disputed claim, plaintiff had “reasonable grounds to believe” .that Mr. Butler’s death arose from an earlier-diagnosed occupational disease.
The parties submitted the exception of prescription to the workers’ compensation judge on their respective briefs, without a hearing or ■ introduction of any evidence other than the documents attached to their memoranda. While plaintiffs claim -for compensation reflects that Mr. Butler was treated for a heart-related condition as early as 2004, when a stent was placed in his coronary artery, the- record does not reflect a date at which plaintiff had reasonable grounds to believe the decedent’s death arose from- his heart disease. ■ Moreover, plaintiff alleged in an attachment to her disputed claim that she received the amended death certificate less than one year prior to filing her claim. Therefore, we "cannot conclude that plaintiffs disputed claim appeared prescribed on- its face. Based on the record before this Court, we cannot determine whether or not the judgment granting defendant’s exception of prescription was correqt.
Accordingly, we vacate the judgment and remand the matter to the Office of Workers’ Compensation for a hearing wherein the OWC judge applies the correct statute to determine whether the matter has prescribed.

JUDGMENT VACATED: REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION

. La. R.S. 23:1231 provides, in pertinent part:
For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart. .

. This Court affirmed the OWC’s award of disability benefits in Butler v. Parish of Jefferson, 06-669 (La.App. 5 Cir. 1/30/07), 961 So.2d 1218.

. Defendant, also argues that the claim should be dismissed, because plaintiff has not established that her claim was filed within two years after the date of the decedent's last treatment for his heart condition, which is a condition precedent to accrual of claimant’s cause or right of action. See Ehrhardt v. Jefferson Parish Fire Dep’t, 12-319 (La.App. 5 Cir. 01/30/13); 108 So.3d 1223, 1233. However, the record is devoid of any pleadings raising the exceptions of no cause of action or no right of action. Rule 1-3 of the Uniform Rules — Courts of Appeal provides: "The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.” Therefore, we decline to address this argument.

. We are aware of the Louisiana Supreme Court's decision in LaCour v, Hilti Corp., 98-2691 (La.5/18/99), 733 So.2d 1193, where the court held that the prescriptive period provided by La. R.S. 23:1209(A) applied to claims for disability arising from occupational diseases. However, LaCour was decided prior to the 20.01 legislative amendment .of La. R.S. 23:1031.1, which changed the language of the statute guiding the reasoning of LaCour. Therefore, wé find that LaCour does not apply to the instant case.